Case 4:19-cv-02990   Document 12   Filed on 12/03/20 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA EASON, VALTON EASON, | § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-2990 |
| | § § | |
| OCWEN LOAN SERVICING, LLC and PHH MORTGAGE CORPORATION and POWER DEFAULT SERVICES, | § § § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

### **I.   INTRODUCTION**

Before the Court is the defendant's, PHH Mortgage Corporation ("PHH"), motion for summary judgment (Dkt. No. 8). The plaintiffs, Teresa Eason and Valton Eason, have filed a response (Dkt. No. 9), and PHH has filed a reply (Dkt. No. 10). After having carefully reviewed the motion, the response, the record, and the applicable law, the Court determines that PHH's motion for summary judgment should be GRANTED.

### **II.   FACTUAL AND PROCEDURAL BACKGROUND**

PHH has established the following facts by competent and undisputed summary judgment evidence. On September 30, 2004, Teresa Eason (then Teresa McGrew) executed in favor of Decision One Mortgage Company, LLC ("Decision One") a promissory note in the amount of $132,000.00 (the "Note") and a deed of trust (the "Deed of Trust") granting Decision One a first lien security interest in the real property located at 3372 Ozark Street, Houston, Texas 77021 (the "Property"). The Deed of Trust granted Decision One's agent, Mortgage Electronic


Registration Systems, Inc. ("MERS"), the right to exercise any and all interests in the Property granted by the Easons and authorized MERS "to foreclose and sell the Property; and to take any action required of [the] Lender."

Deutsche Bank National Trust Company, as Indenture Trustee Under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-10 ("Deutsche Bank") acquired the Easons' mortgage loan (the "Loan") on November 24, 2004. Decision One assigned the Note and the Deed of Trust to Deutsche Bank on May 27, 2011, and the assignment was recorded in the Harris County real property records on June 9, 2011. On March 1, 2014, defendant Ocwen Loan Servicing, LLC ("Ocwen") became the servicer of the Loan for Deutsche Bank. On June 1, 2019, Ocwen became a subsidiary of PHH via corporate merger, and PHH has serviced the Loan since that date.

In June 2015, Ocwen, on behalf of Deutsche Bank, notified the Easons that they were in default on their Loan. Following the Easons' failure to cure their default, Ocwen notified them that the Property would be listed for foreclosure. In November 2017, the Easons sued Ocwen and Deutsche Bank in Texas state court, seeking to enjoin the foreclosure sale and alleging that the four-year statute of limitations to foreclose on the Property had expired. Deutsche Bank removed the case to federal court. On June 25, 2018, the court entered summary judgment in favor of Deutsche Bank and Ocwen, holding that the statute of limitations did not bar foreclosure. *See Eason v. Deutsche Bank Nat'l Trust Co.*, No. H-18-717, 2018 U.S. Dist. LEXIS 105500 at *2, 2018 WL 3104992 (S.D. Tex., Jun. 25, 2018) (Rosenthal, J.) ("*Eason II*").[1]

---

[1] PHH notes that in 2012 the Easons filed a state court lawsuit seeking to enjoin Deutsche Bank from foreclosing on the Property ("*Eason I*"). The state court granted summary judgment in favor of Deutsche Bank, which was affirmed on appeal. *See Eason v. Deutsche Bank Nat'l Trust,* No. 01-13-00426-CV, 2014 Tex. App. LEXIS 13103, at *2, 2014 WL 6919900 (Tex. App.—Houston [1st Dist.] Dec. 9, 2014, no pet.).

On July 26, 2019, the Easons initiated the instant action in the 129th Judicial District Court of Harris County, Texas against defendants PHH, Ocwen, and Power Default Services, Inc. While their Complaint is not entirely clear,[2] the Court understands the Easons to be asserting the following claims: (1) each of the defendants violated the federal Fair Debtor Collection Practices Act ("FDCPA") by failing to cease foreclosure proceedings after the Easons disputed the validity of the Loan and the defendants' authority to enforce the Loan; (2) Ocwen violated the federal Truth in Lending Act ("TILA") by failing to timely notify the Easons that it had acquired the rights to service the Loan; and (3) each of the defendants violated § 51.002 of the Texas Property Code by failing to timely notify the Easons of the foreclosure on the Property. The Easons also seek a declaratory judgment that all the defendants are "debt collectors" as to the Loan under the FDCPA. Additionally, the Easons ask the Court to enjoin the defendants from foreclosing on the Property and ordering the parties to arbitration or mediation.

On July 30, 2019, the state court issued a temporary restraining order enjoining all efforts to foreclose on the Property. On August 12, 2019, the defendants removed the case to this Court on the basis of federal question jurisdiction and diversity jurisdiction. PHH now moves for summary judgment dismissal of the Easons' claims against PHH and Ocwen.

### III. CONTENTIONS OF THE PARTIES

#### A. PHH's Contentions in the Summary Judgment Motion

PHH asserts that res judicata bars the Easons' FDCPA and TILA claims against PHH and Ocwen, due to the court's grant of summary judgment against the Easons in *Eason II*. While PHH also makes numerous alternative arguments as to why the Easons' federal claims fail on the

---

[2] The Complaint's allegations refer interchangeably and somewhat inconsistently to "Defendant" and "Defendants." The Court has done its best to decipher which claims the Easons assert against which party or parties.

merits, the Court agrees with PHH's res judicata argument and therefore need not enumerate PHH's merits arguments here. PHH also seeks summary judgment as to the Easons' claim for a violation of Texas Property Code § 51.002, arguing that this provision does not create a right of action and that, even construed as a wrongful foreclosure claim, the claim fails because there is no evidence that a foreclosure has occurred.

B.   **The Easons' Response to the Summary Judgment Motion**

In their response, the Easons do not address PHH's res judicata claim but reiterate that the defendants are "debt collectors" under the FDCPA.[3] They also allege, as to their claim under § 51.002, that a prior foreclosure did take place in 2011. The Easons also renew their argument from *Easons II* that the statute of limitations bars the defendants' foreclosure proceedings. Presumably in support of the assertion that a foreclosure occurred more recently than 2011, the Easons allege that individuals who are either the defendants' agents or the purchasers of the Property have sought to take possession of the Property. Finally, the Easons allege that the assignment of the Note and the Deed of Trust to Deutsche Bank is void because the Deed of Trust was assigned to Deutsche Bank seven years after the Note was "sold/transferred/assigned" to Deutsch Bank.

IV.   **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

---

[3] The Easons are not represented by legal counsel in this suit. Accordingly, the Court bears in mind that filings of a *pro se* litigant "are to be liberally construed" and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (internal quotations and citations omitted).

The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009)

(internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). In sum, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, (1986)).

## V. ANALYSIS AND DISCUSSION

### A. The Easons' FDCPA and TILA Claims

PHH argues that res judicata, or claim preclusion, bars the Easons' FDCPA and TILA claims against PHH and Ocwen, due to the court's grant of summary judgment against the Easons in *Eason II*. An action is barred by res judicata only if four requirements are met: "(1) the parties must be identical in the two suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *Russell v. Sunamerica Secs.*, Inc., 962 F.2d 1169, 1172 (5th Cir. 1992). PHH notes, and the Easons do not dispute, that in *Eason II*, a federal court in the Southern District of Texas issued a final judgment dismissing the Easons' claims against Ocwen and Deutsche Bank. The Easons also do not argue that the first and fourth elements of res judicata require are not satisfied. The Court will, nevertheless, explain why these elements are satisfied.

    a.    **Identity of the Parties**

For res judicata to bar a subsequent suit, the "parties must be identical in the two suits." *Id.* at 1172. "To satisfy the identity element, strict identity of parties is not necessary. A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant." *Id.* at 1173. Privity exists where the interests of a non-party defendant to the suit at issue were adequately represented by a party to the original suit. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

Ocwen was a party to *Eason II*. In an uncontroverted affidavit submitted by PHH, Kevin Flannigan, Ocwen's Senior Loan Analyst, declares that Ocwen was Deutsche Bank's mortgage servicer at all times relevant to both suits. Flannigan's affidavit, along with a Certificate of Merger attached to and authenticated by the affidavit, establishes that Ocwen became a subsidiary of PHH via corporate merger on June 1, 2019, and that PHH has serviced the Loan since that date. Accordingly, Ocwen adequately represented PHH's interests in the prior litigation. The Court finds that Ocwen and PHH are "sufficiently related" so as to be in privity with one another for res judicata purposes, thereby satisfying the identity requirement. *Russell*, 962 F.2d at 1174.

    b.    **Same Cause of Action**

Res judicata "bars all claims that were *or could have been* advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis original). "[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts." *Id.* In the prior lawsuit, the Easons sought to enjoin Ocwen and Deutsche Bank from foreclosing on the Property based on a statute of

limitations theory. The Easons base their current FDCPA and TILA claims against Ocwen and Deutsche Bank on two premises: (1) the Note and the Deed of Trust are invalid and (2) PHH and Ocwen lack authority to enforce the Loan.[4]

The Property, the Note, and the Deed of Trust form the nucleus of operative facts in both lawsuits, regardless of the Easons' theories in each case. Additionally, the fact that the Easons previously sued Ocwen shows that they were aware that Ocwen purported to service the Loan for Deutsche Bank. There is no reason that the Easons could not have challenged in their prior lawsuit both the validity of the Note and Deed of Trust and Ocwen's authority to enforce the same. Accordingly, the Easons had "not only had the opportunity to bring the present claims against [the defendants] but the obligation to do so." *Id.* at 1146. *See also Gerke v. Deutsche Bank Nat'l Trust Co.*, NO. 3:19-CV-00005, 2019 U.S. Dist. LEXIS 130663, at *8 (S.D. Tex. July 8, 2019) (holding that the "same claim" prong was satisfied where both the present and prior lawsuit arose from the plaintiff's efforts to prevent foreclosure on the same real property encumbered by the same deed of trust).

The Court concludes that both of the Easons' lawsuits involve the same claim or cause of action. The Easons' FDCPA and TILA claims against PHH and Ocwen are thus barred by res judicata.

### B. The Easons' "Split the Note" Theory

In their response to the summary judgment motion, the Easons argue for the first time that the assignment of the Note and the Deed of Trust to Deutsche Bank is void because the latter was assigned to Deutsche Bank in May 2011, seven years after the Note was

---

[4] The Easons allege in their complaint that Ocwen "has not . . . proven that they are a creditor, per the [FDCPA]." The Easons further allege that "neither Defendant is a Creditor, Lender, nor [*sic*] Mortgagor, [and] neither did the Defendant[s] provide any credit or loan to Plaintiff."

"sold/transferred/assigned" to Deutsche Bank. Because the Easons have raised this argument for the first time in response to the defendants' summary judgment motion, the Court need not consider it. *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990). Regardless, the Court's earlier res judicata analysis would apply equally to this argument, which could and should have been raised in the prior lawsuit. Accordingly, summary judgment is warranted as to this theory against Ocwen and PHH.

      C.      The Easons' Claim under Texas Property Code § 51.002

The Easons also allege that Ocwen failed to serve them with the notice of foreclosure required by § 51.002 of the Texas Property Code. *See* Tex. Prop. Code § 51.002(d) (requiring that notice of default and right to cure be sent to "a debtor in default" under an instrument securing real property); *id.* § 51.002(b)(3) (requiring that notice of sale be provided "by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt"). Federal courts in this jurisdiction agree that § 51.002 does not create an independent cause of action. *See, e.g.*, *Ashton v. BAC Home Loans Serv., L.P.*, No. 4:13–CV–810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) (collecting cases). Federal courts construe such claims as claims for wrongful foreclosure. *Id.* Texas law, however, does not recognize claims for *attempted* wrongful foreclosure. *Filguera v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) ("Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law.").

Mr. Flannigan declares in his affidavit that no foreclosure has occurred as to the Property, and the Easons have offered no evidence to the contrary.[5] Therefore, absent any genuine issue of

---

[5] In their reply, the Easons make factual allegations related to foreclosure proceedings in 2015, which are not relevant to the present suit. The Easons also allege that several individuals have come to the Property, asking the Easons either to vacate the Property or for access to the Property. The Easons attach no

material fact as to whether a foreclosure took place, PHH and Ocwen are entitled to summary judgment on the Easons' state law claim.[6]

### D. The Plaintiff's Claims for Declaratory and Injunctive Relief

"When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." *Bell v. Bank of Am. Home Loan Servicing L.P.,* No. 4:11–cv–02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (citing 28 U.S.C. §§ 2201, 2202). The Declaratory Judgment Act does not create any substantive rights or causes of action, and a federal court lacks jurisdiction over suits for declaratory relief, absent an independent cause of action that confers jurisdiction. *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Since this Court has determined that the Easons' substantive claims against Ocwen and PHH fail, the Easons' request for declaratory relief is denied. *See Manriquez v. Wells Fargo Bank*, NO. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538, at *15 (S.D. Tex. Mar. 16, 2017) (denied declaratory requests after determining that the plaintiffs' substantive causes of action were meritless).

Similarly, Ocwen and PHH are entitled to a judgment as a matter of law on the Easons' claim for injunctive relief. *Eason v. Deutsche Bank Nat'l Trust Co.*, NO. H-18-717, 2018 U.S. Dist. LEXIS 105500, at *8 (S.D. Tex. June 25, 2018) (reiterating that "[i]njunctive relief under Texas law is a type of equitable remedy, not a stand-alone cause of action" and that "[t]o sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action.").

---

evidence to support these allegations. They also offer no evidence that the first individual was an agent of any of the defendants, or that a foreclosure sale took place during the relevant time period.

[6] To the extent the Easons assert the same FDCPA and state law claim against defendant Power Default Services, Inc. ("PDS"), the Court construes their claims to be based on an principal-agency theory, with PDS having purportedly acted as a Ocwen's agent. Because the Court finds that the Easons' claims against Ocwen are barred, the Easons' claims against PDS are dismissed as moot.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, PHH's motion for summary judgment is GRANTED.

It is so **ORDERED**.

SIGNED on this 3rd day of December, 2020.

                                        Kenneth M. Hoyt
                                        United States District Judge